UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 24-cv-1006

| | |
|---|---|
| Rory Weiss,<br><br>　　　　　Plaintiff,<br>v.<br><br>Wings Financial Credit Union and<br>Felhaber, Larson, Fenlon, & Vogt, P.A.,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant Wings Financial Credit Union ("Defendant Wings") and Defendant Felhaber Larson Fenlon & Vogt P.A. ("Defendant Law Firm") (collectively "Defendants") violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524, Invasion of Privacy, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**JURISDICTION**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 11 U.S.C. § 524, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

1

## PARTIES

4. Plaintiff Rory Weiss (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Shakopee, County of Scott, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Wings is a credit union providing a range of financial services including lines of credit; is incorporated under the laws of the State of Minnesota; is licensed to do business in the State of Minnesota and regularly conducts business in said State; and has a principal place of business located at 14985 Glazier Avenue, Apple Valley, MN 55124. Defendant Wings is a "creditor" as defined by 15 U.S.C. § 1692a(4).

6. Defendant Law Firm is a law firm with its principal place of business located at 220 South 6th St, Suite 2200, Minneapolis, MN  55402.  Defendant's agent for service is Ryan A. Olson at 220 South 6th Street, Suite 2200, Minneapolis, MN 55402. Defendant Law Firm is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL SUMMARY

7. Sometime in or about 2007, Plaintiff incurred a debt with Defendant Wings for a Visa credit card, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

8. On September 18, 2023, Plaintiff commenced a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, District of Minnesota, Case No. 23-31916.

9. According to the United States Bankruptcy Court records on September 21, 2023, Defendant Wings received notice of Plaintiff's bankruptcy via the Bankruptcy Noticing Center via first-class mail and also through email to bankruptcies@wingsfinancial.com.

10. On December 19, 2023, Plaintiff's Chapter 7 Bankruptcy was discharged by the Court.

11. Despite receiving notice from the Bankruptcy Noticing Center, and contrary to the Plaintiff's Bankruptcy filing and discharge of the debt, upon information and belief, Defendant Wings assigned Plaintiff's discharged account/judgment to Defendant Law Firm for collection purposes, in violation of 11 U.S.C. § 524.

12. Upon information and belief, Defendant Wings sent a notice or in some way communicated to Defendant Law Firm that Plaintiff had filed for bankruptcy.

13. In the alternative, Defendant Law Firm uses bankruptcy scrub procedures and was aware or should have been aware that Plaintiff had filed bankruptcy and discharged the Wings debt.

14. On or about February 23, 2024, the Plaintiff was served with a Summons and Complaint by the Scott County Sheriff.

15. Because the debt was included and discharged in Plaintiff's bankruptcy, Defendant Law Firm's demands for payment violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

16. Defendant Law Firm knew through its bankruptcy scrub systems or should have known from its communications with Defendant Wings that Plaintiff was represented by an attorney, specifically his bankruptcy counsel, Walker & Walker Law Office Ltd., and that its communication with Plaintiff violated 15 U.S.C. § 1692c(a)(2).

17. Defendants' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant Wing's having received and documented notice of Plaintiff's bankruptcy.

18. Plaintiff has suffered emotional distress, fear, stress, anxiety, and loss of sleep because of Defendants' illegal conduct.

## TRIAL BY JURY

19. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

**BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524 - AGAINST BOTH DEFENDANTS**

20. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

21. Defendant Wing's actions by presenting to Plaintiff, through Defendant Law Firm, an attempt to collect on a debt that had been included in a bankruptcy, violated the discharge injunction.

22. Defendants' actions in attempting to collect the alleged debt included and discharged in Plaintiff's bankruptcy were willful.

23. In its actions set forth above, Defendants have violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

24. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendants are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

### COUNT II.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.* – AGAINST DEFENDANT LAW FIRM**

25. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

26. Defendant Law Firm's above-stated acts and omissions violate the FDCPA,

including, but not limited to, each one of the above-cited provisions of the FDCPA described in the paragraphs above, 14-16.

27. Defendant Law Firm's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

28. As a result of Defendant Law Firm's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, according to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION – AGAINST BOTH DEFENDANTS

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendants continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition.

31. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

32. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

33. As a result of the Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an

award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants are follows:

- Find Defendants in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations;
- An order be entered declaring that Defendant Law Firm's actions as described above violates the FDCPA;
- Judgment be entered against Defendant Law Firm's for actual damages, under 15 U.S.C. § 1692k(a)(1);
- Judgment be entered against Defendant Law Firm's for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- The Court award costs and reasonable attorney's fees, under 15 U.S.C. § 1692k(a)(3);
- Awarding actual damages for Defendants' illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: March 20, 2024.

Respectfully submitted,

By: *s/ Carter B. Lyons*
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

7

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Rory Weiss, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 20th day of March 2024.

                                                         s/Rory Weiss
                                                         Rory Weiss